# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 18-246-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| ANTONIO MONTERO | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a letter motion filed pro se by the defendant, Antonio Montero ("Montero"), requesting that "the sentence this Court imposed be run concurrently with a state sentence resulting from a parole violation." Record Document 441. For the following reasons, Montero's letter motion is **DENIED**.

Montero's claim that his sentence should run concurrently with his state court sentence finds no support in the record of this case. A sentencing court does have the authority to order that a federal term of imprisonment run concurrently with a previously imposed state court sentence. See United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000). The Fifth Circuit has held:

> Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently. 18 U.S.C. § 3584(a). . . . A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively.

Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original). See also 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). In this case, the transcript of the sentencing and the judgment do not specify whether Montero's sentence is to run concurrently or consecutively to any other sentence. Therefore, the sentences are to run consecutively.

Having determined that the judgment necessarily orders that Montero's sentence be served consecutive to his state sentence, his request that this Court run the sentences concurrently is construed as a motion to alter or reduce his sentence. This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances include: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in Section 3582(c)(1); (2) under Federal Rule of Criminal Procedure 35 (on the Government's motion due to substantial assistance or to correct a clerical mistake within seven days of the due date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the sentencing guidelines' policy statements. See 18 U.S.C. § 3582(c).

Montero fails to assert grounds for modification that fall into any of these categories and, therefore, this Court does not have the authority to alter his sentence. Accordingly, Montero's letter motion to modify sentence is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 11th day of August, 2023.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE